2012-3058 May it please the court. My name is Charles Byrd. I represent the appellant in this case, Mr. David Joseph Woods as we know        2012-3058 2012-3058 2012-3058 2012-3058 2012-3058 2012-3058 2012-3058   2012-3058 2012-3059 2012-3059  2012-3059     2012-3059 2012-3059 2012-3100 2012-3059 2012-3059 2012-3590 2012-3591 2012-3591  2012-3591   2012-3059 2012-3591 2012-3591  2012-3591 2012-3591 2012-3591 2012-3591 2012-3591 2012-3591  2012-3591 2012-3591 2012-3591 2012-3591 2012-3591 2012-3591 2012-3591 2012-3591 2014-07-8 2014-07-8 2014-07-8 2014-04-13 2014-04-13 2014-04-13   2014-05-29 2014-05-29 2014-05-29 2014-05-29    2016 2016 2015 2015 2015 2015 2015 2016 2017    Quarantine Disclaimer However, in this case you got allegations, lack of candor, intentionally doing something, submitting false documents. And you would think that out of all of the witnesses that would have been proposed by the employee, Mr. Woods in this case, the one employee, under the same supervision, who did exactly the same thing that he did, he would be allowed to call that employee. Because that would, one, have a huge impact on his credibility, and you're having credibility determinations made all over the place. I understood from the record that the administrative judge did not foreclose him from calling Ms. Haddon altogether, but just in his case in chief, and allowed, specifically said he could call her on rebuttal. Isn't that correct? That is correct. So where's the prejudice? Well, the prejudice is, is because the postal service did not elicit any testimony, knowing that, did not elicit any testimony for Ms. Haddon to rebut. But if you're right that Ms. Haddon's testimony rebuts the core of their case that this was intentional and knowing misconduct, then I'm not sure why she wouldn't have been admissible. In any event, she wasn't ordered excluded, I take it, on rebuttal, right? Well, I didn't represent Mr. Davis below, but from my reading of the record, the court deemed her testimony to be duplicative for his case in chief, and reserved on the ability to call her in rebuttal. She didn't guarantee rebuttal, but reserved the ability to call her in rebuttal. And from what I'm reading of the record is that at no time did they really suggest that his actions in this matter were intentional. They agreed that Ms. Haddon did exactly what he did. So really, there wasn't too much to rebut. If anything, she couldn't rebut, but in connection with that, she was not allowed to testify, and when you're dealing with credibility, it has a significant impact. Mr. Byrd, you wanted to save three minutes. You're well into that time, but we'll give you a couple minutes of rebuttal time. Yes, sir. Thank you. Mr. Oliver. May it please the Court. With respect to the alleged due process violation in connection with the oral reply, the Supreme Court in Cleveland Board of Education v. Waterman made it very clear that an employee has a due process right to respond to a proposed action either in writing or orally, and that's exactly what happened here. Well, I don't think there's – this isn't really a due process issue. I mean, I think it's just Clevenger in this exchange, your opposing counsel, has discussed it. I mean, among other things, you have process at the MSPB, which even if there were no process in the Board of the agency would satisfy due process concerns. But the question – that doesn't get you around the problem of the statute and the effect of the extension. So the question ultimately becomes why wasn't the extension, in effect, one that at minimum led Mr. Woods to think that he had an additional opportunity to make an oral presentation? Well, let's be clear on what the facts are because the statute, of course, provides seven days. The agency provided ten. And then in a letter to Mr. Woods with his counsel at the time said that you can make – I will give you a 30-day extension per your request and that you may make any reply that you wish to make during that 30-day period of time. That was both an email that Mr. C. Hoda, the deciding official, sent to Mr. Woods' counsel as well as a written letter. So it was clear from that communication to Mr. Woods' counsel that any reply, whether written or oral, should be made within the 30 days. So that's not what happened. What happened was at 5.28 p.m. on the last day of that extension, after having submitted a fulsome written reply, Mr. Woods' counsel asked for an oral request at that time. So in effect, what that is, is simply asking for another extension because there's no time. Back up for a moment and let's assume that this is a case in which we were dealing with your agency's ten-day rule, okay? And that what Mr. Woods had done is came in at very close of business on the tenth day and said, here is my written reply and I request an oral hearing. Would that be a timely request for an oral hearing? The request, the oral hearing. No. I'm sorry. The statute doesn't say that the hearing has to occur within ten days. You say, you know, in ten days you can do two things. You can request a hearing or you can, and you supply your written requirement. Yes. So what I need to know is whether or not on the tenth day, right at the close of business, he gives his written reply and he says, I'd like an oral hearing. Would you reject that as, would you say that that's untimely because the hearing can't be held within the ten days? Well, the agency gave him, pursuant to this internal regulation, ten days. And so a request within those ten days, we're not dealing with extensions at this point. A request within those ten days is timely, but here. That would be timely. The request within ten days would be timely. But now we're talking about extensions. Now what happens if they made it eleven days? Maybe one more day. Would you get another day in which to request a written hearing? No, Your Honor. The Federal Circuit, Mr. Wood's counsel here, has pointed to this court's decision in Campbell v. Department of Transportation. And in there, the court is fairly clear on the topic of extensions. You have a baseline, right, a certain number of days. Is that a precedential opinion? That's in Lexis. Yes, it is. It's 735 F. 2nd 497. It's a published opinion. And so in that case, the court is clear that it is incumbent on an employee to take the initiative in scheduling a time to exercise their right. But it also says that while the statute and regulation is clearly provided for a right to make an oral response to agency charges, they did not require the agency to schedule replies to a sponte. And it goes on to say that, well, in that case, no requests were made within the seven days provided by statute. There was no obligation on the agency to extend the time for a response. So I guess the question ultimately comes down to what was the communication to him in the extension? Was he told in – there was no reference to the oral reply opportunity in the extension. All that was said was any reply he wishes to make must be received by that date. And then the question is what effect does that have on a request for and the timing of an oral presentation if he wanted to make one? Now, I guess your position is if he was going to make one, he'd better ask for it early enough in the 30-day period that he would be able to reasonably have it within that 30-day period. That's absolutely right, Your Honor. I think the statute itself, 5 U.S.C. 7513, says you have seven days. Of course, the agency gives you three extra days. But he ultimately was given 40 days in which to make an oral reply. And he did not make a request for an oral reply until the close of business or perhaps even after the close of business on the last day of what was a 40-day period. But you wouldn't argue, I'm sure, that if he had come in, let's say, three weeks before the expiration of the 30 days and said, well, we're really busy. We don't have time for you for the next two months. And then when the two months ran, they said, well, this is outside of the 30-day period. You wouldn't argue that that would be okay for the agency to do that. Well, that's a different scenario. That's exactly what did not happen. I'm actually fishing for what your answer would be to that. Well, I mean, that is a different scenario. What's your answer, though? The answer is if he made a request within 30 days for an oral reply and the agency did not act upon it and basically give him an opportunity to make that oral reply, then that would be an issue that this court can consider whether or not there was some sort of procedural effect. Well, what's that issue to consider? You're dancing away from the testimony of your person on IG Manual 109, right? No, Your Honor. The testimony was that our internal rules, at least, are that if you want a hearing, you have to ask for it in the initial 10-day period, that any extension we give is only with regard to a written reply. Right. Well, let me be clear. I gather that regulation is not public, so nobody knows about it. Well, let me be clear, Your Honor, and I apologize if I haven't been clear. The oral reply, in terms of the issue of whether or not there's a procedural effect, if there is not an oral reply within the time period that the agency has provided, they have seven days. I think seven days is public. It's part of the statute. It's a statutory obligation. You burden yourself with 10 days. Right, exactly. But we offered him 10, so we gave him more than we were statutorily required to. We offer everybody. I'm sorry? It's an agency-wide rule. Right. Everybody gets 10 days. Everybody gets 10 days, and everybody gets more than what's statutorily required. So what? Right, and so if he did not provide an oral reply within that time, so he has a right within that time period to provide an oral reply. Now I'm getting a little confused again. I thought I understood your position, but is it your position with respect to the agency's 10-day rule that if he comes in at 528 on the 10th day and says, I want to make an oral reply, that he's too late because there's not time between 528 and the end of the day to have that reply? I thought your position was in the first 10 days he can make his request to make an oral reply and or submit a written response, and that if he makes a request for an oral reply in the 10 days, the proceeding in which he gives this oral reply will be held at some reasonable time thereafter. That's correct. I mean, the agency's not going to have any problem if he submits an oral request within the time period that was provided in the arrangement. Even if the actual proceeding of the reply doesn't occur until later. That's correct, Your Honor. But that doesn't apply, you say, to the extension in this case. It doesn't. I mean, and that's true under this court's precedent, including the one that Mr. Woods' counsel pointed to, the Campbell versus the Department of Transportation. It's also true under other Federal Circuit precedents that I've cited in my brief that in terms of extensions, there's no entitlement to an extension. We're only talking about the period of time either by statute or by the Postal Service regulation. Do you have a page in the record where the agency said to him any reply must come within the 40 days? Yes.  I'll use appendix page 12. Page 12? Page 1278. 1278? 1-2-7-8? 1-2-7-8. All right. It's already at the top of the page. It talks about the fact that the deciding official followed this email up with a letter. The position of his counsel is, again, confirm that John C. Hoda shall anticipate receiving any response he wishes to make on or before the close of business. Do we have the full letter in the text anywhere? No, Your Honor. The full letter was not made part of the appendix. But that's an accurate quote, and I believe Mr. Woods' counsel disagrees with that. They accurately put the email in the letter. We shall anticipate receiving any response? Yes, and that's referring to an actual oral reply, not just the request for an oral reply. So he was on notice, and he didn't do so. He had an opportunity to provide an oral reply, and he didn't make a request until the very end of the close of business. That's not a procedural defect, and even if it were, it's not. The reasons I articulated, it's his burden to prove that it's a harmful procedural error, and that's not by statute. It's his burden, and he hasn't proven, can't prove that, the lack of an oral reply. So this is because there was an extension of time period. You wouldn't make that argument within the original 10 days? I'm sorry. Correct, Your Honor. We're talking about extensions. There's no obligation to grant an extension under the Federal Service Case Law, and here it's clear that he didn't make a request until the end of the close of business. He testified at the MSPB. Mr. Sciotta? No, Mr. Woods. Mr. Woods did testify. And one thing that confused me a little. Normally, the agency bears the burden of proof in the MSPB proceedings and goes first, but the reference to the witness being admissible in rebuttal confused me a bit. How did that come to pass? You're referring to Ms. Haddon, the alleged comparator? Yes, Ms. Haddon. So what happened was initially the agency objected to the petitioners raising the issue of a disparate treatment because it was not pled in an infirmary defense. There's no question it wasn't pled in an infirmary defense. So the administrative judge said, well, we're not going to allow it. This testimony is going to be cumulative. We're not going to allow Ms. Haddon as a case of chief. We'll reserve the right to call her in rebuttal. Now, the reason that's important here and why it's not an abuse of discretion is because ultimately, as the full board found, the administrative judge should have considered disparate treatment in connection with the penalty, whether or not the penalty was reasonable. Well, as you know, the penalty, whether or not the penalty was reasonable, that's the burden on the government to prove that the penalty was reasonable. Therefore, it would have been logical for Mr. Woods' counsel to call Ms. Haddon in rebuttal to the evidence that the government presented that the penalty indeed was reasonable. They chose not to do so even though it was their reserved right to do that. The agency made Ms. Haddon available, but they never exercised their right to call her. Well, I guess I understand all that, but I guess what I'm still a little confused is a purely ministerial matter of who went first in this case. I mean normally, if the government has the burden of showing that there was misconduct and it was the penalty serves the efficiency of the service of 7512 languages, if that all is the burden of the government, normally the government would go first and rebuttal wouldn't occur. Rebuttal would be the government's rebuttal. Why is – did he go first for some reason in this case? My understanding is that he did not go first. The government went first. So what's rebuttal all about? The rebuttal was – he would have had the opportunity after the government put on evidence of reasonableness to say, Your Honor, we have Ms. Haddon. But that would have been done in the government's case in chief, which was first, right? And therefore, you would assume that everything he put on would come next. And therefore, what's the distinction between rebuttal and case in chief? I'm not sure this is terribly important, but since we seem to be attaching some significance to the fact that the administrative judge permitted Ms. Haddon to be used in rebuttal, but there's an objection from counsel that that wasn't good enough, and I'm confused about what rebuttal is in this context. Right. Well, that's an interesting question, Your Honor, because it is clear that the government called its deciding officials and made its case first, and Mr. Woods followed with his testimony. And he did not call Ms. Haddon? He did not call Ms. Haddon. Either then or at some unspecified later time. Exactly. That would have fallen under the rubric of rebuttal. At no point did he attempt to call Ms. Haddon. Any final thoughts, Mr. Oliver? We did not get a chance to discuss the issue of the transcripts, which Mr. Woods' counsel brought up as an additional due process violation, so I have just 30 seconds to bring some clarity where you are to that. Take 30 seconds to bring some clarity. All right. At issue, Mr. Woods was interviewed three times by the agency, and it was recorded. He knew about it. He consented to it. And one of the transcripts of those interviews was not actually transcribed until six months after the removal decision. So there's certainly no due process violation with respect to that transcript. The other two transcripts were provided pre-decisional before removal, so there's no due process violation there. And as for the actual audio recordings, again, no due process violation because Mr. C. Hoda's testimony is that he did not listen to the audio recordings. He relied upon the transcripts. And finally, in terms of whether or not there was any procedural defect with respect to the agency not providing the audio recordings, well, there's none because he knew about the audio recordings for the reasons I just mentioned. It was consented to, and he was aware of it, but he didn't ask for it. He asked for other things, but he never asked the audio recordings. And so even though he knew about it, even though he's represented by counsel, so there's certainly no procedural defect in the agency not providing the audio recordings for the ones that, with respect to the recordings that were available pre-decision. Thank you, Mr. Oliver. Mr. Byrd has given you two minutes for rebuttal. Thank you, Your Honor. Briefly, I just want to deal with the rebuttal aspect, and that was one of the problems I have. If the government goes first and then Mr. Woods will go next, that's what he was asking to do, is to have Ms. Haddon in this case in chief. The rebuttal would be the government. There would be no rebuttal for Mr. Woods, and that's the problem because when he's going second in his case in chief, he wants to call her. The administrative judge said, I'm not going to let you do it. But the administrative judge went on to say, but I will consider allowing her to be called in rebuttal, whatever. Yes, and my point is, if the government goes first, then he goes second. That's his case in chief. That's not rebuttal. Then the rebuttal is the government coming back to rebut what Mr. Woods said. She was talking about Mr. Woods being allowed to call her, not the government being allowed to call her. I understand that, but if in the government's rebuttal, there was no testimony about this issue, then what we're talking about is Mr. Woods having the opportunity, really, to serve rebuttal. So if it wasn't raised in the government's rebuttal, there is no serve rebuttal. Also, with respect to the documents and the recordings, again, he said he didn't listen to them, but he didn't say I wasn't aware of their contents. No one didn't advise me. I didn't have a summary of it, and I think it's a very careful choice in language in that regard. So I see that my time is up, and I would request that the court vacate these decisions and remand this case back to the agency for at a minimum a holding of an oral reply and vacate decision of the merit system protection. Thank you. Thank you, Mr. Byrd. We'll take the case under advisement. Thank you.